FREDERICK W. CURTENIUS v. HENRY E. HOYT, EDWIN
W. DE YOE, GERSHON P. DOAN AND AMOS D.
ALLEN (CONSTITUTING THE TOWNSHIP BOARD
OF KALAMAZOO), THE GRAND RAPIDS & ·
INDIANA RAILROAD COMPANY,
AND THE TOWNSHIP OF
KALAMAZOO.

*Injunction sued out by a Private Party to restrain the Issue of Public Bonds.*

A resident owner of real and personal estate subject to taxation can maintain a bill to enjoin the issue of railroad aid bonds under a resolution of the township board, such bonds being unlawful.

Distinguished from *Miller v. Grandy*, 13 Mich., 540, in which complainant assumed, in behalf of all tax-payers, to seek protection against unlawful proceedings which he merely feared the town board intended to adopt.

Appeal from Kalamazoo.    Submitted October 24.    Decided November 1.

INJUNCTION.    The facts are in the opinion.

*Severens, Boudeman & Turner* for complainant and appellee, argued that a tax-payer can file a bill to enjoin the misappropriation of funds by public officers whereby taxation will be increased, and cited, besides many cases collected in Cooley on Taxation, 549, n. 2, *Harney v. Indianapolis, etc., R. R. Co.*, 32 Ind., 244; *Scofield v. School District*, 27 Conn., 499; *U. P. R. R. Co. v. Hall*, 91 U. S., 343; *Mount Carbon Coal etc. Co. v. Blanchard*, 54 Ill., 240; *Sherman v. Carr*, 8 R. I., 431; *Hodgman v. C. & St. P. Ry. Co.*, 20 Minn., 48; *Peck v. School Dist.*, 21 Wis., 516.    See also *Cooper v. Alden*, Har. Ch., 72; *Chaffee v. Granger*, 6 Mich., 51.    If the misappropriation is allowed, there is no remedy against the taxation to supply the place of the money used, *Wright v. Dunham*, 13 Mich., 414.    Injunctions have been granted to restrain

municipal corporations from issuing bonds, *U. P. R. R. Co. v. Lincoln Co.,* 3 Dill., 300; *Harding v. Rockford etc. R. R. Co.,* 65 Ill., 90; *Coulson v. Portland,* Deady, 481; *Whiting v. Sheboygan etc. R. R. Co.,* 25 Wis., 167; Dillon's Law of Municipal Bonds, 20, n.    Laws authorizing municipal railroad aid bonds are unconstitutional, *People v. Salem,* 20 Mich., 452; *Bay City v. State Treasurer,* 23 Mich., 499; *Thomas v. Port Huron,* 27 Mich., 320.  The act authorizing aid for the Grand Rapids & Indiana Railroad (Act 69 of 1864) is unconstitutional for restricting the right to vote for the issue of bonds, to taxable, property-holding electors, *Rison v. Farr,* 24 Ark., 161; *State v. Williams,* 5 Wis., 308; *Att'y Gen. v. Supervisors,* 11 Mich., 63; *Monroe v. Collins,* 17 Ohio St., 665; *Davies v. McKeeby,* 5 Nev., 369; *State v. Staten,* 6 Coldw., 243.

*Hughes, O'Brien & Smiley* (on brief) for defendants in error.    A suit to redress a public grievance must be maintained by the people of the State, *Miller v. Grandy,* 13 Mich., 540; *Demarest v. Wickham,* 62 N. Y., 320; *Doolittle v. Broome Co.,* 18 N. Y., 155; *Hale v. Cushman,* 6 Met., 425; *Carlton v. Salem,* 103 Mass., 141; *Roosevelt v. Draper,* 13 N. Y., 323.  The issue of railroad aid bonds being unlawful, all tax-payers have an adequate remedy at law against it, and need not resort to a court of equity for relief, *Burnes v. Mayor,* 2 Kan., 454; *Exchange Bank v. Hines,* 3 Ohio St., 1.

GRAVES, J.  Complainant being a resident within the township and owner of considerable real and personal property therein subject to taxation, filed this bill in November, 1868, against the railroad company and the township board to enjoin the emission by the township of one hundred thousand dollars in amount of its bonds and coupons in aid of the construction of the railroad of the defendant corporation.  No other party was united as complainant and the bill did not profess to be filed on behalf of any one else.  It set out proceedings taken under color of the act of February 5th, 1864, for issuing the bonds, and alleged

that the appropriate authorities had devised a form of bond negotiable by delivery and threatened to execute and deliver the amount in that shape.          It alleged that complainant's share of the tax which would be necessary to pay such bonds would be more than $100, and averred that the proceedings taken had been irregular, and that the act itself on which they were based was invalid.

A general demurrer was filed which was at length over-ruled in November, 1876.          The township consented to a decree against it, but the railroad company answered and the cause was heard on pleadings and proofs in March, 1877, and the court decreed for complainant.          The company appealed.

As the cause is presented here by the appellants it presents only a single point, and that is, whether, assuming that the bonds if issued would be invalid, it is competent for complainant, an individual resident owner of real and personal estate within the township subject to taxation, to maintain his bill to enjoin the emission of the bonds.

The learned counsel for the company insists that it is not.          He maintains that the proceeding is an attempt in equity by a private person to interpose in advance of any appreciable individual detriment, and seek to redress an alleged public grievance.

On the other hand the learned counsel for complainant contends that the object of the bill is not to guard or assert public rights but to defend the private and individual interests of the resident proprietor and tax payer against the encroachment of unlawful power and threatened irreparable injury through unlawful municipal action.

The question propounded is one of great practical importance, and unfortunately judicial opinion is radically divided upon it.          This difference is tersely and clearly traced and explained in the work of my brother Cooley.          Cooley on Tax., 548.

The way in which the authorities are marshaled on each side is also stated, and I do not see how any thing could be

37 MICH.—74.

gained by an attempt here to discuss the subject anew. The whole field has been repeatedly gone over and, the subject has been held up in every point of view of which it would seem capable. The substance of the views advanced on each side of the question is given in the work just referred to, and numerous cases are cited there. The conclusion reached is that "the decided preponderance of authority is in support of the right of the taxpayers to file bills on their own behalf in such cases."

· The case of *Miller v. Grandy*, decided here in 1865, and reported in 13 Michigan at p. 540, is supposed by counsel for the company to establish a different doctrine. My associates sitting in this case participated in that, and they concur with me in thinking that the point now in question is not ruled by that judgment. There the complainant assumed to prosecute for all tax-payers, and the bill was not framed to arrest unlawful municipal action already in progress and sufficiently advanced to threaten injury to the individual interests of the complainant, but it was aimed to protect against an injury to proceed if at all from future unlawful action which might or might not be taken. The bill assumed the complainant was likely to be damnified because a town board authorized to act on one class of claims, intended to act upon another class which the law did not permit to be recognized. pp. 547, 548.

The case arose out of a state of things quite anomalous and was itself marked by very unusual features. Its constituent parts · were uncongenial and indeterminate, and as they were found combined and arranged together it was exceedingly difficult to deal with them with desirable distinctness and according to their separate merits. However, it was submitted that apprehension by complainant that the town board under the power to audit particular claims intended to step aside and audit such as the law would not permit to be allowed was not a ground of complaint on his part "within the reach of equity." And it was distinctly held that the state of facts afforded no warrant for the intervention of complainant in the character of representative of all the tax-payers of his town, and this was the main

ground on which the court proceeded. The right of the court to consider the case at all as a suit on the private behalf of Miller was more than doubted, as appears by the opinion.

Now, the drift of decision in this State from the early case of *Brown v. Gardner*, reported in Harrington, at p. 291, to the present time has rather favored than otherwise the doctrine really applicable now.

In the case before us the town authorities had actually proceeded down to the last step in a course of unlawful action intended to create a heavy municipal debt and cause it to be necessary to make large demands on the tax-payers, and nothing remained but the emission of the negotiable evidences of that debt, and the commencement of that act was almost if not quite entered upon. If the bonds were once put afloat the consequence to tax-payers generally, and especially to holders of real estate, could not be otherwise than serious. The unlawful act would necessarily work direct and immediate, as well as indirect and mediate injury to complainant. It would operate to depress the value of real property and discourage purchasers and threaten a large increase of future public charges, and the chance to avoid the bonds and escape the taxation needful for their payment would be generally esteemed as very uncertain and precarious. The danger was threatened, was imminent, was actually at the door, and my associates think it was competent for complainant to intervene and ask the court to stay the further progress of unlawful action by the board and enjoin the final act about to be performed. As this disposes of the only question made on the appeal, the decree below should be affirmed with costs.

COOLEY, C. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.