FREELAND v. CITY OF STURGIS.

1. MUNICIPAL CORPORATIONS—STURGIS CHARTER—REVENUE RECEIVED FROM HYDRO-ELECTRIC PLANT NOT APPLICABLE TO PAYMENT OF GENERAL EXPENSES.

Since charter of city of Sturgis nowhere authorizes appropriation of funds received from operation of its hydro-electric plant to payment of general city expenses, and provisions of Act No. 168, Pub. Acts 1917, expressly forbidding such appropriation, are made applicable to said city by its charter (section 37, chap. 28), action of city commission appropriating hydro-electric funds to payment of general city expenses is illegal.

2. SAME—INJUNCTION—RIGHT OF TAXPAYERS TO RESTRAIN CITY FROM MISAPPLICATION OF FUNDS RECEIVED FROM HYDRO-ELECTRIC PLANT.

In suit by taxpayers against city to restrain misapplication of revenue received by city from its hydro-electric plant to payment of general city expenses, allegations that plaintiffs are resident taxpayers; that they are users of large amount of electrical energy; that effect of misapplication of said fund is to compel them to pay greater portion of general expenses than they should pay and to practically exempt from taxation for such expenses large property holders who do not use any considerable quantity of light and power; that plaintiffs may suffer further damage by misapplication of said fund instead of using it for proper rehabilitation of plant and retirement of bonded indebtedness thereon, etc., *held*, sufficient to entitle plaintiffs as resident taxpayers to injunctive relief.

3. APPEAL AND ERROR—MOOT QUESTION.

Where city had no authority to apply revenue received from hydro-electric plant to payment of general city expenses, and validity of amendment to city charter authorizing such application, adopted while appeal was pending in suit to restrain such application, is challenged, question involved is not treated as moot by Supreme Court.

Appeal from St. Joseph; Johnson (Clayton C.), J. Submitted June 11, 1929. (Docket No. 115, Calendar No. 34,314.) Decided October 7, 1929.

Bill by Curtis A. Freeland and others against the City of Sturgis and others to restrain the misapplication of the revenues received by the city from its municipally owned hydro-electric plant. From an order dismissing the bill, plaintiffs appeal. Reversed and remanded.

*Hagerman & Miller,* for plaintiffs.

*Jacobs & Dresser* and *Harry C. Howard,* for defendants.

McDonald, J. This is an appeal by the plaintiffs from an order dismissing their bill of complaint filed to restrain the misapplication of the revenues received by the city of Sturgis from its municipally owned hydro-electric plant. The bill alleges that the city is operating under a special charter authorized by the home rule act (1 Comp. Laws 1915, § 3304 *et seq.*); that for 19 years it has owned and operated a hydro-electric plant furnishing light and power to its citizens; that, to acquire the plant, it issued bonds to the amount of $175,000, of which $93,000 are still outstanding; that its net receipts from the business are about $60,000 a year; that from such receipts it now has on hand a fund of $96,000 which by resolution of the commission has been appropriated for the ordinary expenses of the city in lieu of money which should have been provided by an annual tax assessment; that the application of this fund to the general city expense is contrary to the provisions of Act No. 168, Pub. Acts 1917; that the refusal of the city to raise money by taxation for its general expenses and the appropriation for that purpose of the hydro-electric fund constitutes an unfair, unlawful discrimination in the method of raising and applying public funds so that the expense of running the city is not equitably distributed by taxation; that the plaintiffs will be compelled to pay an unjust proportion of the general expenses of the city because they are large users of light and power; that those who have large holdings of real estate pay nothing to the general fund; that the failure of the city to preserve intact the $96,000 surplus to meet the outstanding obligations of the hydro-electric plant and other expenses due to depreciation and necessary replacements has created a situation imminently harmful to the plaintiffs as taxpayers and large users of electrical energy.

The defendants filed a motion to dismiss the bill, principally on the ground that it does not state a cause of action. With this contention the trial court agreed, and entered an order of dismissal without leave to amend.

The court was wrong. It was unlawful for the commission to appropriate the hydro-electric fund for payment of the general expenses of the city. The city charter nowhere authorizes such appropriation, and the State statute (Act No. 168, Pub. Acts 1917) expressly forbids it. But the defendants insist that this statute is not applicable because it relates to cities of the fourth class only, and that the city of Sturgis is not in that class but is a home-rule city operating under a special charter. The charter itself leaves the statute applicable. It provides:

"All the provisions of the laws of the State of Michigan regarding cities of the fourth class except as herein otherwise provided by this charter shall apply to and control the legislative body of the City of Sturgis. It being the intention of this charter that the general laws relating to cities of the fourth class shall govern, except as expressly specified otherwise by the provisions of this charter." Section 37, chap. 28.

Inasmuch as there is no charter provision on the subject, the general law of the State governs, and it prohibits the use of municipally owned public utility funds for the payment of the general expenses of the city. The action of the city commission was clearly illegal, and the plaintiffs as taxpayers have a right to maintain their bill if they have shown sufficient interest to confer jurisdiction. *Curtenius* v. *Hoyt,* 37 Mich. 583; *Callam* v. *City of Saginaw,* 50 Mich. 7; *Putnam* v. *City of Grand Rapids,* 58 Mich. 416; *Savidge* v. *Village of Spring Lake,* 112 Mich.

91; *Bates* v. *City of Hastings,* 145 Mich. 574; *Thomas* v. *Supervisors of Wayne County,* 214 Mich. 72.

The plaintiffs are three resident taxpayers of the city of Sturgis. They claim to have filed their bill in their individual capacities for the redress of private injuries. It is alleged that they are users of a large amount of electrical energy; that the effect of the illegal action of the city is to compel them to pay a greater portion of the general expenses than they should pay and to practically exempt from taxation for such expense large property holders who do not use any considerable quantity of light and power; that the plaintiffs may suffer further damage by the transfer of the utility fund to the general expense account of the city instead of using it for the proper rehabilitation of the plant and for retiring the bonded indebtedness; that in the absence of a surplus or sinking fund out of which to meet these expenditures there is an ever-present danger of assessments against the plaintiffs' property; that they are owners of industries which use large amounts of electrical energy; and that the misappropriation of the utility receipts by the city without retaining a fund for maintenance and for payment of the bonded indebtedness hazards their property and its earning capacity. These allegations show that a substantial injury threatens the plaintiffs and are sufficient to confer jurisdiction at the suit of individual taxpayers.

This suit was disposed of in the lower court on October 29, 1928. At the annual city election on April 1, 1929, the people voted to amend the city charter to provide that the revenue from utilities owned by the city of Sturgis could be used in the discretion of the commission for other city purposes. In a supplemental brief filed in this court by counsel

for the city it is claimed that the adoption of the amendment by the people is conclusive of the issue, and that we should now treat the allegations of the bill as moot. As the validity of the amendment is challenged, we have not regarded the question as moot.

The bill shows a cause of action. The court erred in granting the motion to dismiss. The decree is reversed and the cause remanded, with costs to the plaintiffs.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.