ROOD v. CITY OF DETROIT.

1. APPEAL AND ERROR—CERTIFIED QUESTIONS—INJUNCTION—MUNIC-
   IPAL CORPORATIONS—LOCAL IMPROVEMENTS.
   In suit by property owner to enjoin planting of trees in street
   by city, certified question under Michigan Court Rule No. 78
   presents no question for determination by Supreme Court,
   where record shows that planting has already been done.

2. SAME.
   In suit by property owner to enjoin city from maintaining public
   commercial nursery business, certified question under Michigan
   Court Rule No. 78 presents no question for determination by
   Supreme Court, where record wholly refutes allegations of bill.

3. MUNICIPAL CORPORATIONS — NOTICE — LOCAL IMPROVEMENTS —
   NECESSITY—TAXATION—INJUNCTION.
   Where property owner was given no notice or opportunity to be
   heard on question of necessity of local improvement, as re-
   quired by city ordinance, collection of tax therefor was prop-
   erly enjoined.

Certified questions from Wayne; Jayne (Ira W.),
J. Submitted October 13, 1931. (Calendar No.
35,890.) Decided January 4, 1932. Rehearing de-
nied March 3, 1932.

Bill by John R. Rood against City of Detroit to
enjoin levy and collection of a tax. Certain ques-
tions certified to this court under Michigan Court
Rule No. 78 presented no question for this court to
determine. Decree for plaintiff. Affirmed.

*John R. Rood, amicus curiæ.*

*Walter E. Vashak,* Assistant Corporation Counsel
(*Clarence E. Wilcox,* of counsel), for defendant.

CLARK, C. J. Certified questions under Michigan
Court Rule No. 78.

Plaintiff filed bill to enjoin levying and collecting taxes assessed against his lands for a local improvement, planting trees in the street, and to enjoin the planting of trees. The bill also brings in a separate matter in which plaintiff alleges that the defendant city is "maintaining a public commercial nursery business," which also he seeks to enjoin.

The record shows the trees planted, the improvement made. This past event cannot be prevented by injunction. And, in this regard, upon the proofs, plaintiff is entitled to no relief under the bill, and no question can be based on this feature of the case, as to decide it would determine nothing.

The allegations of "maintaining a public commercial nursery business" are wholly refuted by the record. Plaintiff is entitled on his bill to no relief in this regard, nor can a question be raised on this feature of the case.

Remaining questions have relation to legality of the tax. The local improvement under the ordinance may be initiated by certain of the property owners or by the city. In either case, as the trial judge held in an opinion filed, and, as recognized by the common council in its preliminary resolution of necessity, the property owners affected must have due notice provided by ordinance and opportunity to be heard upon the question of necessity. It seems not to be disputed that plaintiff was not given the notice and the opportunity, and that, therefore, the trial judge was right in enjoining collection of the tax.

Questions relating to respective rights of the parties in and to the street, as affecting right to plant trees and to tax therefor, are unnecessary to decision of the case, and therefore are not controlling.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.