TRAVAILLIE, Appellant, v. CITY OF SIOUX FALLS, et al, Respondents.

(240 N. W. 336.)

(File No. 7213. Opinion filed January 25, 1932.)

*Leo M. Fitzpatrick,* of Sioux Falls, for Appellant.
*D. J. Conway,* of Sioux Falls, for Respondents.

ROBERTS, J. Plaintiff instituted this action against the board of commissioners, auditor, and the treasurer of the city of Sioux Falls to enjoin them from transferring or diverting the amount of $145,000 from the waterworks fund to the coliseum building fund, loan fund, Tenth street viaduct and road fund, and park fund. The complaint alleges that the plaintiff is a citizen, taxpayer, freeholder, and elector of the city of Sioux Falls, and is a user of water furnished by the city; that on the 3d day of September, 1930, the board of commissioners of the city of Sioux Falls enacted an ordinance, a copy of which is attached to and made a part of the complaint, making the aforementioned transfer; that one member of the commission was opposed to and voted against the passage of the ordinance; that the expenses for the maintenance of the water department of the city of Sioux Falls for and during the year 1930 have not been paid; that there is outstanding unpaid bonds of the city of Sioux Falls in the sum of $344,500, and that said bonds should be paid from the waterworks fund; that the amount to be diverted constitutes the balance which will remain at the end of the fiscal year of 1931 in the waterworks fund, raised for the purpose of paying the principal or

interest of the bonded indebtedness of the city of Sioux Falls properly payable out of the waterworks fund, and that the said sum should not be transferred to any other fund or funds so long as the said bonded indebtedness exists; that the transfer and the appropriation of the moneys from the water works fund to other purposes "constitutes an unfair, unlawful discrimination in the matter of raising and applying public funds so that the expense of running of the city of Sioux Falls is not equitably distributed by taxation," and for the reason that the "plaintiff will be compelled to pay an unjust proportion of the expenses of the city because he is a user of water"; that the effect of the illegal transfer will be "to reduce the taxation for large property holders who do not use a very considerably quantity of water"; that there is "an ever present danger of assessments against the plaintiff as a user of water," if the collections in the waterworks fund are not used for the "rehabilitation of the water plant and for retiring the bonded indebtedness"; and that plaintiff has no other speedy and adequate remedy at law.

The plaintiff upon the verified complaint and an affidavit setting forth substantially the matters contained in the complaint procured an order directing the defendants to show cause, if any, why an order should not be made enjoining and restraining the defendants from making the transfer during the pendency of the action. The trial court, after hearing and determination that the complaint did not state facts sufficient to constitute a cause of action, denied the application for temporary injunction.

■ ■ The ordinance referred to in the complaint, a copy of which is attached to and made a part of the complaint, is the annual appropriation ordinance of the city of Sioux Falls for the year 1931. The section of the ordinance to which plaintiff takes exception reads as follows: "That of the revenues derived from the Water Works Department during the fiscal year commencing January 1st, 1931, there are hereby appropriated and shall be transferred to the following funds in the following amounts: The sum of $60,000.00 to the Coliseum Building Fund; the sum of $30,000.00 to the Loan Fund; the sum of $10,000 to the Tenth Street Viaduct and Road Fund, and the sum of $45,000.00 to the Park Fund, and all of the remaining revenues of the said Water Works Department shall be paid into the Water Works Fund."

Appellant contends that the board of commissioners of the city of Sioux Falls enacted the above provision in violation of the provisions of section 6341, R. C. 1919. The material portion of this section reads as follows: "No money belonging to any fund shall ever be diverted to the use of any other fund, and no warrant shall be drawn upon any fund not properly chargeable to such fund; provided, that if upon the expiration of any fiscal year there remains in any fund any balance, after paying all obligations of the municipal corporation properly chargeable against such fund, the governing body may, by a unanimous vote, transfer such balance to such other fund as it may deem advisable. * * * "

Section 6340, R. C. 1919, provides that money derived by a municipal corporation "from taxation, licenses, fines, forfeitures, the operation of waterworks or other public utility owned or operated by the municipal corporation, or from any other source" shall be paid into the fund or funds designated by ordinance. There is no statutory requirement that the earning from the operation of municipally owned waterworks shall be paid into a designated fund, but the governing body of a city or town is empowered to designate a fund or funds into which collections from such source shall be paid. Furthermore, there is no statute directing what application shall be made of the revenues derived from the sale of water, and there is no express statutory prohibition against the use of such revenues for purposes other than that connected with the operation of the waterworks system. Section 6341, above quoted, authorizes the transfer of unexpended balances by the unanimous vote of the governing body of a municipal corporation. It has reference to moneys appropriated which are not expended at the close of the fiscal year. The city ordinance in question does not purport to transfer an unexpended balance of a fund previously appropriated, but designates the funds to which the collections to be made by the waterworks department for the ensuing year 1931 are to be credited. The provision requiring a unanimous vote for the transfer of unexpended balances had no application to the action of the board of commissioners in designating the funds to which these collections were to be credited for the period mentioned.

Plaintiff cites the case of Freeland et al v. City of Sturgis, 248 Mich. 190, 226 N. W. 897, and states that the complaint in the instant action is based upon that authority. From a reading of

the complaint, it is apparent that the pleader attempted to bring himself within the holding of the case cited. The statutes construed in the Freeland Case, relating to the disposition of municipal funds, differ from the statutes of this state. It appears from the facts in the case that the defendant city attempted to use revenues derived from the operation of a municipally owned hydroelectric plant to pay general expenses. The court concluded that, inasmuch as the charter of the city contained no provision on the subject, the general law of the state which prohibits the use of municipally owned public utility funds for the payment of general expenses of a city was applicable, and that the action of the city commission was therefore illegal.

The case of City of Cincinnati et al v. Roettinger, 105 Ohio St. 145, 137 N. E. 6, cited by plaintiff, is likewise distinguishable. The statutes of Ohio, similar in this respect to the statutory law of Michigan, direct the specific use to which funds derived from the operation of a municipal waterworks system may be applied. The law of Ohio construed by the court provides that, after paying the expenses of conducting and managing the waterworks system, any surplus shall be applied to the repairs or extension of the system and for the liquidation of indebtedness incurred in the construction or extension of the system. No such provision is contained in the statutes of this state restricting the governing body of a city or town in the use of funds derived from the operation of a system of municipally owned waterworks.

Plaintiff alleges that a portion of the amount diverted from the collections of the waterworks department should be applied to the payment of the bonded indebtedness of the city. We assume that he has reference to the bonds issued for the construction or extension of the waterworks system. It is not alleged or contended that the revenues derived from the operation of the waterworks system or any part thereof are pledged by the terms of the bonds for their payment or that the board of city commissioners has not made necessary provision for the payment of interest and principal of such bonds. In fact, it appears from the annual appropriation ordinance that the board of commissioners directed a levy for the water bonds sinking fund. It is not necessary to discuss this proposition at length. We have pointed out that there is no statute requiring the application of water collections and

charges solely to expenditures in connection with the operation of the waterworks plant, and it does not appear from the allegations of the complaint that the city of Sioux Falls has otherwise obligated itself to apply the net income or other portion of such proceeds to the payment of interest and principal of bonds.

It is also alleged that the expenses for the maintenance of the waterworks department for the year 1930 have not been paid. It may be assumed, in the absence of allegations to the contrary, that the department did not incur claims in excess of appropriation made for its maintenance, and that there were sufficient funds available for their payment.

■ The plaintiff makes the general allegation that the payment of collections by the waterworks department into other funds than that of the department constitutes an unfair and unlawful discrimination in the manner of raising and applying public funds, and that the plaintiff will be compelled for that reason to pay an unjust portion of the expenses of the city. The pleader does not make definite and specific allegations, but by general averment seeks to restrain the using of revenues derived from the operation of the municipal waterworks for other municipal purposes than the operation of the plant. If we correctly understand the purport of the allegations, it is that the board of commissioners of the city of Sioux Falls, by applying collections of the waterworks department to other municipal purposes, relieves property owners in a measure from the general burden of taxation to the injury of water consumers, and that the failure to apply collections from the source mentioned to the proper maintenance of the waterworks system subjects the plaintiff to "an ever present danger of assessments."

Ordinarily, compensation paid a municipal corporation for water is not a tax. 27 R. C. L. 1436; 40 Cyc. 796. No facts are alleged that would except the charges for water in the city of Sioux Falls from the general rule. The contention of plaintiff that the funds in question were raised by taxation, and that the so-called transfer was prohibited by section 2 of art. 10, State Constitution, is without merit. The constitutional provision referred to provides that money raised by taxation for one purpose shall not be diverted to any other.

A municipal corporation is not required to limit the rate to the actual cost of furnishing water, but may fix a rate which is reasonable, resulting in a profit to the municipality. 27 R. C. L. 1436; 1 Farnham on Waters, p. 855, § 798; Wagner v. Rock Island, 146 Ill. 139, 34 N. E. 545, 21 L. R. A. 519; Twitchell v. Spokane, 55 Wash. 86, 104 P. 150, 24 L. R. A. (N. S.) 290, 133 Am. St. Rep. 1021. It is not alleged that the city of Sioux Falls is charging an unreasonable rate for water. If the revenues derived from such rate are applied to municipal purposes, we fail to understand wherein the defendants have contravened any statutory provision.

"When a municipal corporation owns its own plant for the supply of water to its inhabitants, the property is held for the common benefit, and every inhabitant has a right to the benefit of it on reasonable terms. Therefore, although the municipality has a right to fix the terms on which the water will be supplied, and to establish the rates which shall be paid for it, the right must be exercised in a reasonable manner, so that the rates shall be reasonably proportionate to the service rendered. The municipality, however, is not required to limit the rate to the actual expenses of furnishing the water, but may fix a rate which will result in some profit to it, which it may use to meet its other public needs." 1 Farnham on Waters, p. 855, § 162.

Referring to the allegation that the board of commissioners failed to retain sufficient amount of water collections for maintenance and repair of the water system, and that plaintiff as a consumer of water will be compelled to pay assessments, it is sufficient to state that the plaintiff will not be affected as a consumer of water. The assessment for maintenance of a municipally owned water plant is made upon owners of real property. Section 6395, R. C. 1919. In the event of a special assessment, the very persons who as plaintiff asserts are the beneficiaries of the application of water collections to other municipal purposes than to the expenditures of the waterworks department will be affected.

Counsel for plaintiff points out certain alleged vices that will result from permitting the use of municipal utility plant collections for general purposes without meeting the requirements for which he contends. With the wisdom of vesting the governing body of a municipal corporation with discretion in designating the fund or funds into which the collections of a municipally owned

public utility shall be paid and for what municipal purposes they shall be expended, this court is not concerned. Courts are not instituted for the purpose of passing upon the wisdom of legislation. In the instant appeal, the sole question for determination is whether or not the allegations of the complaint present facts indicating that the defendants exceeded their constitutional or statutory powers. Our conclusion is that the complaint does not state such facts, and the order appealed from is therefore affirmed.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.