## WOLGAMOOD v. VILLAGE OF CONSTANTINE.

1. EQUITY—MOTION TO DISMISS—ALLEGATIONS OF BILL TAKEN AS TRUE.
   On motion to dismiss a bill in equity the allegations therein are to be taken as true.

2. MUNICIPAL CORPORATIONS — INJUNCTION — TAXPAYERS' SUITS — JURISDICTION.
   Taxpayers, plaintiffs in suit to enjoin threatened misuse of village funds, were entitled to maintain suit without showing interest or damage of $100 since statute requiring such showing was repealed (Act No. 183, Pub. Acts 1903, repealed by Act No. 216, Pub. Acts 1905; 3 Comp. Laws 1929, § 13943).

3. INJUNCTION—THREATENED INJURY.
   A bill for injunctive relief may be brought when an injury is threatened.

4. MUNICIPAL CORPORATIONS—INJUNCTION—UNLAWFUL DIVERSION OF PUBLIC FUNDS.
   Taxpayers' bill of complaint charging threatened misapplication of public funds with reference to municipal electric lighting

plant, alleged unlawful issue of additional bonds, unlawful diversion of funds, failure to collect full published rate for use of current, and unlawful discrimination among the customers stated a cause of action entitling plaintiffs to a hearing on the merits.

Appeal from St. Joseph; Hatch (Blaine W.), J. Submitted October 5, 1939. (Docket No. 63, Calendar No. 40,669.) Decided February 14, 1940.

Bill by Gene G. Wolgamood and others against Village of Constantine, a municipal corporation, and others to enjoin the borrowing of money for construction of an electric lighting plant or misusing municipal funds, for an accounting and other relief. Bill dismissed. Plaintiffs appeal. Reversed.

*Howard, Howard & Howard,* for plaintiffs.

*C. L. Stickler,* for defendants.

Sharpe, J.   On December 28, 1936, the electors of the village of Constantine voted a bond issue in the sum of $107,000 for the purpose of building an electric lighting plant to be paid for out of the profits of the proposed plant. On February 5, 1937, the electors of the village of Constantine authorized a 20-year franchise to be exercised by the purchaser at a mortgage sale in event of foreclosure. The bonds were sold for $101,000, the project started, and at the end of the first year of operation, May 31, 1938, there was a loss of $6,516.70.

It appears that the village of Constantine owned a piece of property. As it was necessary to have a plant site, the village council determined the reasonable value of this property to be $500 and this amount was paid into the general fund of the village for the property. In February, 1939, the village

council determined it expedient to extend and enlarge the plant and system; and on April 6, 1939, the village council authorized an additional bond issue in the sum of $38,000. These bonds were of equal rating with the $107,000 bonds and were never to become an obligation of the village taxing power. At a later date the village council determined that the $38,000 was not sufficient to provide the ways and means for the addition to the plant and a grant was secured from the public works administration in the sum of $26,000.

Prior to the issue of the additional $38,000 in bonds and on March 9, 1939, the plaintiffs, being taxpayers of the village of Constantine, filed their bill of complaint and among other things charged diversion of funds and asked for an injunction against the use of any funds other than the profits of the municipal plant and the opportunity to examine the books to ascertain the financial condition of the plant. On March 15, 1939, the defendants moved to dismiss plaintiffs' bill of complaint. This motion was denied and plaintiffs were given the opportunity to inspect the books.

April 12, 1939, plaintiffs filed an amended bill of complaint which charges:

(a) The unlawful sale for $101,000 of bonds totaling $107,000 payable from the earnings of the plant.

(b) Default in the payment of interest on the bonds.

(c) The unlawful payment of over $5,000 for interest coupons from the proceeds of the sale of the bonds.

(d) Diversion of over $500 from the funds by the device of a sale of a village lot by the village to the village; and the diversion of $1,254.63 from the funds other than the municipal lighting plant account.

(e)  Losses of the plant for the year ending May 31, 1938, of $6,516.70 and from June 1, 1938, to February 28, 1939, of $5,004.32 were hidden by the device of increasing the accounts payable of the plant.

(f)  Not collecting the full published rate for the use of current; unlawful discrimination among the customers.

(g)  Contractual obligations of over $50,000 without specifying the funds from which it should be paid.

(h)  The construction of an inadequate plant and the proposed unlawful issue of $38,000 additional bonds to make the plant adequate.

(i)  That $5,000 of the $38,000 additional bonds issued would not be for construction but to cover the loss of operation and interest on the original $107,000 issue of bonds.

The grounds enumerated by defendants for dismissal of plaintiffs' bill of complaint are as follows:

1.  That the allegation of diversion of $1,254.63 is "moot";

2.  That the court will not take cognizance of matters within the legislative province of the village of Constantine;

3.  That the plaintiffs' auditor found no diversion of funds;

4.  That plaintiffs are estopped to question the legality of the $107,000 bond issue;

5.  That the acts of the defendants are according to the Constitution and statutes;

6.  That the proposed bond issue is not a direct obligation of the village of Constantine;

7.  That the plaintiffs are not injured by the acts or proposed acts of defendants; and

8.  That the court has no jurisdiction of the subject matter.

Defendants filed an answer to plaintiffs' amended bill of complaint. The answer alleges that the purpose of the temporary diversion of $1,254.63 was that it was necessary to use this sum of money out of the general fund of the village to hire an engineer for the preliminary survey, the holding of elections, and other expenses to carry out the will of the electors before money was received from the sale of the bonds; and that the village repaid these funds May 15, 1937, or nearly two years prior to the commencement of the present suit. The answer also alleges that prior to the establishment of the electric lighting plant, the village owned a piece of land suitable as a site for such a plant; and that the village council determined its reasonable value to be $500 and this amount was paid out of the bond money into the general fund of the village.

When defendants' motion to dismiss plaintiffs' amended bill of complaint came on for hearing, the trial judge without filing a written opinion dismissed plaintiffs' amended bill. Plaintiffs appeal.

In deciding this case we have in mind that the cause was not heard on its merits; and that upon a motion to dismiss, the allegations stated in the bill are to be taken as true. *Bates* v. *City of Hastings,* 145 Mich. 574. It therefore becomes necessary to analyze the claims of plaintiffs as stated in their amended bill of complaint. It is urged by defendants that the court was without jurisdiction owing to the fact that the amount in controversy was less than $100. This question must be determined adversely to defendants. In *Bacon* v. *City of Detroit,* 282 Mich. 150, we said:

"The statute, Act No. 183, Pub. Acts 1903, requiring taxpayers to show interest or damage of $100 to maintain suit to restrain a threatened misuse of city

funds was repealed by Act No. 216, Pub. Acts 1905, and is not now the law. 3 Comp. Laws 1929, § 13943 (Stat. Ann. § 27.544). Plaintiff may maintain the suit. *Carrier* v. *State Administrative Board*, 225 Mich. 563; *Freeland* v. *City of Sturgis*, 248 Mich. 190.''

In substance plaintiffs' bill of complaint charges a threatened misapplication of public funds, the unlawful issuance of $38,000 of additional bonds, a pretended sale of real estate, losses running into substantial sums, and discrimination in the rate charged to users of electrical energy.

A bill for injunctive relief may be brought when an injury is threatened. In *Lake Superior District Power Co.* v. *City of Bessemer*, 288 Mich. 455, a bill of complaint was filed to restrain the city of Bessemer from proceeding with the construction and financing of an electric plant and distributing system in the city of Bessemer. We there said, ''Plaintiff's action was properly brought and it is not required to wait until the city actually executed the mortgage before it may complain.''

See, also, *Rood* v. *City of Detroit*, 256 Mich. 547; *Bacon* v. *City of Detroit*, 282 Mich. 150.

In our opinion plaintiffs' bill of complaint contains charges which, if true, would entitle a court of chancery to grant relief. They are entitled to have these charges heard.

The order of the trial court is reversed. Plaintiffs may recover costs.

Bushnell, C. J., and Potter, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.