## MENENDEZ v. CITY OF DETROIT.

1. INJUNCTION — PLEADING — IRREPARABLE INJURY — AVERMENTS OF FACT.

Mere allegations in a bill or petition of the pleader's conclusion that the act or acts sought to be restrained will, if committed, cause irreparable injury or damage for which there is no remedy at law, not supported by facts showing such injury or damage, are not sufficient to make out a case for injunctive relief.

2. SAME — REVENUE BONDS — PLEADING — EXHIBITS — ORDINANCES —CHARTER—PARKING FACILITIES—TAXATION.

Inclusion as exhibits attached to bill of complaint of ordinance providing for issuance of bonds for the acquisition of off-street automobile parking facilities, payable from revenues received from parking meters, and previous ordinance and city charter provision with which the revenue bond ordinance is alleged to be in conflict without allegation in the bill that the establishment of the parking system and issuance of bonds would serve to injure plaintiffs' rights as taxpayers or to increase or affect taxes levied or to be levied on their property *held*, not to have established a prima facie case for injunctive relief against issuance of such bonds.

3. TAXATION—INTEREST IN PARKING METER FUND—GENERAL FUND.

Plaintiff taxpayers failed to make out a case of taxpayers' interest in so-called municipal parking meter fund for injunction to prevent present and future transfers therefrom to another fund for purpose of liquidating revenue bonds, where it is not shown what the limitations are upon the parking meter fund

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur, Injunctions §§ 282, 283.
[2] 28 Am Jur, Injunctions § 170.
[3] 52 Am Jur, Taxpayers' Actions §§ 3, 4.
[4, 5] 37 Am Jur, Municipal Corporations § 136.
[4, 5] Municipal establishment or operation of off-street public parking facilities. 8 ALR2d 373.
[6, 7] 52 Am Jur, Taxpayers' Actions § 37.
[8, 10, 11] 52 Am Jur, Taxpayers' Actions § 34.
[9] 3 Am Jur, Appeal and Error § 866.

or whether collections deposited therein are rightly a part of the general fund, available for general purposes, nor of the specific purpose to which the fund or collections must be applied, nor of what interest taxpayers have therein or how the amount of taxes to be levied against them could be affected by the dissipation of the fund.

4. MUNICIPAL CORPORATIONS—PARKING—COST OF POLICE ENFORCEMENT—TAXATION.

The fact that the cost of police enforcement of parking regulations is not to be considered an expense of a proposed system of off-street municipal parking facilities to be financed by revenues from parking meters would not make the establishment of such system unlawful, where it is not shown that such cost is not already a charge against taxpayers.

5. SAME—PARKING—POLICE ENFORCEMENT.

The use of parking meter or parking facility revenues or any other public funds for municipal police enforcement of parking regulations or for the acquisition of parking facilities is not unlawful.

6. TAXATION—ACTION BY TAXPAYERS—BURDEN OF PROOF—UNLAWFUL EXPENDITURE.

It is incumbent on plaintiffs in a taxpayers' suit to establish that the threatened levy of a tax or expenditure is unlawful.

7. SAME—ACTION BY TAXPAYERS—INJUNCTION—BURDEN OF PROOF—INCREASED TAXATION.

Taxpayers seeking to enjoin the imposition of a tax must show substantial injury or loss as taxpayers through increased taxation and the consequences thereof.

8. SAME—ACTION BY TAXPAYERS—PARTIES—INJUNCTION.

A private taxpayer, suffering no special grievance, is not a proper party plaintiff to a bill of complaint filed to restrain threatened official misconduct.

9. APPEAL AND ERROR—CROSS APPEAL.

An appellee need not take a cross appeal in order to urge, in support of relief afforded him below, reasons other than those adopted by or those rejected by the lower court.

10. COURTS — CONSTITUTIONAL LAW — EQUAL PROTECTION — SUPREME COURT—TAXPAYERS' SUITS.

Position of Supreme Court that plaintiff taxpayers in suits to restrain action of governmental officials were not entitled to relief because not proper parties will not be abandoned merely

because in some cases the issue as to parties was either overlooked or not raised; and such adherence does not constitute a denial of the equal protection of the laws (US Const, am 14).

11. SAME—SUPREME COURT—STIPULATION—OPINIONS—TAXPAYERS.
  Provisions contained in a stipulation between parties or the opinion or decree of the trial court cannot serve to prevent the Supreme Court from denying relief to taxpayers who fail to show themselves to be entitled thereto.

Appeal from Wayne; FitzGerald (Frank), J. Submitted April 9, 1953. (Docket No. 35, Calendar No. 45,770.) Decided October 5, 1953. Rehearing denied November 27, 1953.

Bill by George Menendez and wife against City of Detroit and others to restrain issuance of automobile parking system revenue bonds. Decree for defendants. Plaintiffs appeal. Affirmed.

*Robert E. Childs,* for plaintiffs.

*Paul T. Dwyer,* Corporation Counsel, and *Vance G. Ingalls,* Assistant Corporation Counsel (*Miller, Canfield, Paddock & Stone,* of counsel), for defendants.

*Harry S. Toy, Amicus Curiae.*

DETHMERS, C. J. This is a taxpayers' suit to enjoin (1) the issuing of self-liquidating revenue bonds for the acquisition of off-street automobile parking facilities, (2) the transfer of $216,000 from the "parking meter fund" to the automobile parking system receiving fund for operation of the system and liquidation of said bonds, and (3) the depositing of future collections from parking meters and facilities in the latter fund for the mentioned purpose.

Are plaintiff-taxpayers parties at interest and hence entitled to maintain this action? After sub-

mission of the case on the pleadings without proofs, the trial court held that they were not such parties, but nevertheless proceeded, in its opinion, to consider the case on the merits and concluded the matter by entering a decree which made no finding on the merits but simply dismissed the bill of complaint. Plaintiffs appeal.

Touching on plaintiffs' interest in the matter, their bill of complaint alleges:

"If defendants are not enjoined, the intended defendants' actions will result in great and irreparable damage to plaintiffs by reason thereof and the lack of any adequate remedy at law available to these plaintiffs. * * *

"Plaintiffs represent to this court that they and the other taxpayers of the city of Detroit are without a complete and adequate remedy in the premises except in a court of equity and that the matters involved in this litigation and set forth in the bill of complaint are matters of great public importance and exceed in value the sum of $100."

In point, from 28 Am Jur, Injunctions, § 282, is the following:

"But mere allegations in the bill or petition, of the pleader's conclusion that the act or acts sought to be restrained will, if committed, cause irreparable injury or damage for which there is no remedy at law, not supported by facts showing such irreparable injury or damage, is not sufficient to make out a case for injunctive relief."

Annexed to the bill of complaint, as exhibits, are copies of (1) the ordinance under attack in this suit, in pursuance of which the parking system is to be established and the bonds issued, and (2) a previous ordinance and a city charter provision, with both of which the attacked ordinance is alleged to be in conflict. There is no allegation in the bill that the es-

tablishment of the parking system and issuance of
the bonds would serve in any wise to injure plain-
tiffs' rights as taxpayers or to increase or affect
taxes levied or to be levied on plaintiffs' property.
On the contrary, it is clear from the bill that the
expense of maintaining the system and the payment
of the bonds will come exclusively from revenues
of the system and that the same will not become a
general obligation of the city.

It is alleged in the briefs that transfer of the
$216,000 sum from the "parking meter fund" to the
parking system receiving fund and the prospective
deposit in the latter of future parking facility col-
lections would affect taxpayers' rights in a manner
giving them a justiciable interest in the subject mat-
ter. Nothing is to be found in the bill of complaint
or annexed exhibits to disclose the nature of or limi-
tations upon the so-called "parking meter fund", or
parking facility collections—whether they are right-
ly a part of the general fund, available for general
purposes—nor is there any indication of the specific
purpose to which said fund or collections must, un-
der charter, ordinance or State law, be applied;
neither is there the slightest suggestion of what in-
terest taxpayers have therein or how the amount of
taxes to be levied against them could be affected by
the dissipation thereof. It is said in the brief of
*amicus curiae* that the fund might, under charter
provision, be used to reduce taxes. This is not sup-
ported by the allegations of the bill nor do we so
read the provisions of the charter set forth as an
exhibit attached to the bill. Accordingly, the plead-
ings fail utterly to make out a case of taxpayers'
interest in such fund or collections.

Plaintiffs stress, in their brief, the provision in the
ordinance setting up the system and providing for
issuance and payment of the bonds therefor, that, in
substance, the cost of police enforcement of parking

regulations shall not be considered an expense of the system. They say this imposes the cost of such police work on the general taxpayers. It is not made apparent that that is not already a charge against the taxpayers. It does not appear from the bill or exhibits how the establishment of the system and carrying out the provisions of the ordinance under attack will increase the cost of or the burden on the taxpayers resulting from police enforcement of parking regulations. It is not alleged, nor do plaintiffs contend, that use of such parking meter or facility revenues or any other public funds for police work in the enforcement of parking regulations or for the acquisition of parking facilities is unlawful, nor could they well assert the latter in view of the holdings in *Wayne Village President* v. *Wayne Village Clerk,* 323 Mich 592; and *Cleveland* v. *City of Detroit,* 324 Mich 527 (11 ALR2d 171). Yet, this is essential to the plaintiffs' case. As this Court said in *Worden* v. *City of Detroit,* 241 Mich 139:

"Many cases are cited in which taxpayers have been permitted to come into a court of equity to restrain the enforcement of an unlawful tax. But such cases are hardly applicable here. No tax or assessment either general or special will be levied to pay for the construction of this line. All the cost will be paid for out of the income of the system. But even in taxpayers' cases it is incumbent on the plaintiffs to establish the threatened levy of an unlawful tax. So if we treat the bill as one seeking to restrain the unlawful expenditures of public funds, *it is still incumbent on the plaintiffs to establish that the threatened expenditure is unlawful.*" (Emphasis supplied.)

Plaintiffs cite as authority for their right to maintain this action the following: *Carrier* v. *State Administrative Board,* 225 Mich 563; *Wolgamood* v.

*Village of Constantine,* 292 Mich 222; *Cooper* v. *City of Detroit,* 222 Mich 360; *Freeland* v. *City of Sturgis,* 248 Mich 190; *Lake Superior District Power Co.* v. *City of Bessemer,* 288 Mich 455; *Cleveland* v. *City of Detroit, supra; Grand Rapids Independent Publishing Co.* v. *City of Grand Rapids,* 335 Mich 620. In each of these cases it is clearly recognized that prerequisite to a taxpayer's right to maintain a suit of this character against a unit of government is the threat that he will sustain substantial injury or suffer loss or damage as a taxpayer, through increased taxation and the consequences thereof. This is uniformly true of all the Michigan cases considering this subject. See, also, *Curtenius* v. *Hoyt,* 37 Mich 583; *George* v. *Wyandotte Electric Light Co.,* 105 Mich 1; *Savidge* v. *Village of Spring Lake,* 112 Mich 91; *Bates* v. *City of Hastings,* 145 Mich 574; *McManus* v. *City of Petoskey,* 164 Mich 390; and *Thomas* v. *Wayne County Supervisors,* 214 Mich 72.

For cases in which taxpayers were denied the right to maintain a suit to restrain projected governmental action or redress a purely public grievance when it was not shown that they would be injured with respect to tax assessments, see *Baker* v. *City of Grand Rapids,* 142 Mich 687; *Andrews* v. *City of South Haven,* 187 Mich 294 (LRA1916A, 908, Ann Cas 1918B, 100); *Johnson* v. *Gibson,* 240 Mich 515; *Worden* v. *City of Detroit, supra.* Also of interest in this connection is *Miller* v. *Grandy,* 13 Mich 540, reaffirmed in *Johnson* v. *Gibson, supra,* for the proposition that a private taxpayer, suffering no special grievance, is not a proper party plaintiff to a bill of complaint filed to restrain threatened official misconduct.

Judged by the test laid down in previous decisions, plaintiffs may not maintain this action.

Plaintiffs urge that because the trial judge, after holding plaintiffs were not proper parties plaintiff, nonetheless considered the case on the merits and defendants have taken no cross appeal, they may not now, on appeal, question plaintiffs' capacity to sue. Cited therefor are *Township of Pontiac* v. *Featherstone,* 319 Mich 382; *Morris* v. *Ford Motor Co.,* 320 Mich 372; and *Fass* v. *City of Highland Park,* 321 Mich 156. These cases hold, directly to the contrary, that an appellee need not take a cross appeal in order to urge, in support of relief afforded him below, reasons other than those adopted by or those rejected by the lower court.

Finally, plaintiffs suggest that in *Young* v. *Ann Arbor,* 267 Mich 241, and *Walinske* v. *Detroit-Wayne Joint Building Authority,* 325 Mich 562, taxpayers' suits were maintained and considered on the merits under circumstances similar to those at bar without the question of their capacity to maintain such suits having been raised. Plaintiffs conclude that, therefore, it would constitute a denial of equal protection of the laws guaranteed by United States Constitution, amendment 14, § 1, to deny them the right to a decision on the merits here. It is absurd, indeed, to say that a position uniformly adhered to by this Court whenever the question has been raised must be abandoned under the mandate of the mentioned constitutional provision because in some case that position may have been overlooked because the question in relation thereto was not raised.

Provisions contained in a stipulation between parties or the opinion or decree of the trial court cannot serve to tie the hands of this Court to prevent it from holding as above indicated.

Affirmed, with costs to defendants.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.