## MALCOLM *v.* PUISINSKI.

1. EQUITY—MOTION TO DISMISS—ALLEGATIONS OF BILL TAKEN AS TRUE.

   Allegations of a bill of complaint must be taken as true for the purposes of an appeal from order granting defendant's motion to dismiss before hearing was had thereon.

2. INJUNCTION — CLEAN HANDS — INTERFERENCE WITH PRIVACY — DAMAGES—PLEADING.

   Dismissal before hearing of bill to enjoin defendant, a man alleged to be married, from annoying or molesting plaintiff who had been keeping company with him until she learned of his marital status, *held,* to have been erroneous, where allegations failed to disclose plaintiff's hands were not clean and she stated a cause for equitable relief by a series of allegations showing defendant's interference with her property, her means of livelihood, and threats upon her privacy.

Appeal from Wayne; Brennan (John V.), J. Submitted October 3, 1956. (Docket No. 22, Calendar No. 46,867.) Decided December 6, 1956.

Bill by Tanya Malcolm against John Puisinski for injunction restraining defendant from molesting her and from damaging her property and for other relief. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Davidow & Davidow (Anne R. Davidow,* of counsel), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 852.
[2] 41 Am Jur, Privacy §§ 32, 35.

DETHMERS, C. J. Plaintiff appeals from an order granting defendant's motion to dismiss the bill of complaint. No answer had been filed, nor was a trial had on the merits.

Plaintiff's bill alleges that she had been keeping company with defendant, believing him to be a single man; that when she learned he was married she refused to go out with him again, although he assured her he was securing a divorce; that in revenge he damaged her automobile by secretly draining the oil from it; that he constantly threatened her and on several occasions became angered and struck her because of her refusal to go out with him, boasted that he had influence with public officials such that her complaints to them concerning his conduct would be futile, and frightened her into going out with him; that he molested her at her place of employment, causing her to lose her job, and that she fears the same thing will happen when she obtains new employment; that when she was about to buy new furniture he told her that he could get it for her wholesale and induced her to give him $500 for that purpose and that he purchased the furniture and took title to it in his own name, although the furniture was delivered to and is in her possession; that he has frequently threatened that, unless she goes out with him, he will remove and dispose of said furniture, that he will again damage her automobile and that he will do her further bodily harm; that on one occasion he removed some of her furniture from her apartment without her knowledge or consent; that she is fearful that, unless restrained by order of the court, he will carry his said threats into execution; that by his said acts he has caused her financial loss in excess of $1,000 and caused her to become afraid, nervous and ill. Her bill prays (1) for an injunction restraining defendant from annoying or molesting her, from taking or damaging any of her property

and from coming to her home or place of employment; (2) that the furniture in her apartment be decreed to be hers; (3) that defendant be required to pay her such sums as will compensate her for damages he has caused her.

The court dismissed plaintiff's bill on the grounds that parties must come into a court of equity with clean hands, that she does not possess them, and that, if plaintiff has any cause of action, it belongs on the law side.

Accepting the allegations of the bill as true, as we must for purposes of this appeal (*Wolgamood* v. *Village of Constantine,* 292 Mich 222), we think it states a cause for equitable relief. We find nothing in the bill indicating that plaintiff's hands are not clean and there was, of course, no trial or proofs on which to base such conclusion. Plaintiff is entitled to trial on the merits.

Reversed and remanded for further proceedings. Costs to plaintiff.

SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

BOYLES, J., took no part in the decision of this case.