WILBUR *v.* CITY OF GRAND RAPIDS.

Injunction—Taxpayer's Suit—Parking Facility Revenue Bonds—Pleading—Parties.

   Bill seeking injunction against sale of self-liquidating revenue bonds to pay for acquisition and construction of parking facilities and for refunding of outstanding bonds of a previous parking revenue bond issue but which does not allege that issuance of the proposed bonds would injure plaintiff's rights as a taxpayer or serve to increase or affect the taxes levied or to be levied on her property failed to make out a case for the relief sought or to show plaintiff to be a proper party therefor (CL 1948, § 141.101 *et seq.*).

---

References for Points in Headnotes
51 Am Jur, Taxation § 1223 *et seq.*

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J.   Submitted July 1, 1958.
(Calendar No. 47,839.)   Decided July 8, 1958; opin-
ion filed July 15, 1958.

Bill by Frances Wilbur against the City of Grand
Rapids, a municipal corporation, its City Commis-
sioners and various of its officials to enjoin issuance
and sale of bonds to refund present issue and to
further develop self-liquidating parking facilities.
Motion to dismiss bill denied.   Defendants review
by appeal in nature of mandamus to direct dismissal
of bill.   Reversed and remanded for dismissal of bill.

*Wencel A. Milanowski (Henry J. Milanowski,* of
counsel), for plaintiff.

*Claude Vander Ploeg,* City Attorney, and *Miller
Canfield, Paddock & Stone (John H. Nunneley,* of
counsel), for defendants.

DETHMERS, C. J.   Plaintiff filed her bill, com-
plaining of the defendant city commission that it
adopted an ordinance authorizing acquisition and
construction of parking facilities and issuance of
self-liquidating revenue bonds to pay the costs there-
of and to refund outstanding bonds of a previous
parking revenue bond issue and providing for re-
tirement of the bonds to be issued from revenues of
the parking system; that it adopted a resolution pur-
suant thereto for the sale of said refunding and im-
provement revenue bonds, which are to be payable,
under the ordinance, out of net revenues of the park-
ing system and are not to be general obligations of
the city; that refunding of the outstanding earlier
bonds will necessitate payment of a premium for
their premature calling and also payment of a higher
interest rate on the new bonds issued for refunding

purposes than is called for on the old bonds to be refunded thereby, and that this will result in the waste of public funds. The ordinance authorizing the original bond issue and the one authorizing the new proposed issue proceeded under the authority of PA 1933, No 94, as amended (see CL 1948 and CLS 1956, § 141.101 *et seq.* [Stat Ann 1949 Rev and Stat Ann 1957 Cum Supp § 5.2731 *et seq.*]). Plaintiff prays that the issue and sale of the proposed bonds be enjoined.

Defendants moved to dismiss. From the trial court's denial of their motion, on leave granted, they have taken an appeal here in the nature of mandamus, praying for a writ directing the court below to enter an order dismissing the case.

The allegations of plaintiff's bill of complaint do not cause it to appear that issuance of the revenue bonds would injure her rights as a taxpayer or serve to increase or affect the taxes levied or to be levied on her property. *Menendez* v. *City of Detroit,* 337 Mich 476, is conclusive of a holding that her bill does not make out a case for injunctive relief or show her to be a proper party plaintiff in a suit for the relief sought. Accordingly, defendant's motion to dismiss, based on that and other grounds, should have been granted.

Reversed and remanded for entry of order dismissing. Costs to defendants.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.