WESTEN *v.* CITY OF ALLEN PARK

1. MUNICIPAL CORPORATIONS—TAXPAYER'S SUIT—THREAT OF INCREASED TAXATION.

The prerequisite to a taxpayer's right to maintain a suit against a unit of government for the unauthorized expenditure of public funds is the threat that he will sustain substantial injury or suffer loss or damage as a taxpayer, through increased taxation and the consequences thereof.

2. MUNICIPAL CORPORATIONS—TAXPAYER'S SUIT—NONTAX REVENUES—DISBURSEMENT.

Permit fee revenue is not tax revenue, therefore disbursement of permit fee revenue is not alone a sufficient ground for maintenance of a taxpayer's suit.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 52 Am Jur 2d, Taxpayers' Actions § 9.
Taxpayer's right to maintain action to enjoin wrongful expenditure of public funds, as affected by the fact that the funds in question were not raised by taxation. 131 ALR 1230.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 October 5, 1971, at Detroit. (Docket No. 10596.)  Decided November 23, 1971. Leave to appeal denied, 386 Mich 788.

Complaint by Ronald E. Westen for himself and as a member of the class of all taxpayers in the City of Allen Park, against the City of Allen Park and its mayor to restrain the raising of the percentage of permit fees paid certain part-time city inspectors. Summary judgment for defendants.  Plaintiff appeals.  Affirmed.

*Bileti & Valenti,* for plaintiff.

*William J. DeBiasi,* City Attorney, for defendant City of Allen Park.

*Morris, Stark, Rowland, Regan, Reagan & Prekel,* for defendant Metelski.

Before: LESINSKI, C. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J.  Plaintiff brought a class action on behalf of himself and other residents and taxpayers in the City of Allen Park.  He sought to restrain defendant city and its chief executive from implementing the decision of the city council to raise the percentage of permit fees paid certain part-time inspectors from 50% to 70% of the fee.[1]  He appeals from the order of the trial judge granting a summary judgment to defendants.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] At present the inspectors receive 70% of the annual fee submitted.  The remaining 30% continues to be available for any overhead which may be incurred by the city in administration over and above the actual cost of inspection.

The rule in Michigan pertaining to a taxpayer's right to sue a unit of government for the unauthorized expenditure of public funds is stated in *Menendez* v. *City of Detroit* (1953), 337 Mich 476, 482:

"In each of these cases it is clearly recognized that prerequisite to a taxpayer's right to maintain a suit of this character against a unit of government is the threat that he will sustain substantial injury or suffer loss or damage as a taxpayer, through increased taxation and the consequences thereof. This is uniformly true of all the Michigan cases considering this subject."

The theory in establishing permit fees is that revenue derived therefrom will cover the cost of inspections and administration and will place the burden of paying these costs upon persons requesting the service. Funds so raised do not come from the general fund of the city and may not be used to defray general operating expenses of government since this would amount to an illegal tax. *Merrelli* v. *St. Clair Shores* (1959), 355 Mich 575, 588.

Whether city inspectors received 50% or 70% of inspection fees could not affect plaintiff's taxes. It would not be possible to explain otherwise the city council's reduction of the millage rate some six months after modification of the permit fee schedule.

Plaintiff failed to demonstrate that he has suffered any injury as an individual or as a taxpayer as a result of the percentage increase complained of. He is consequently not a proper party to this action.

Absent the requisite standing, his assignments of complained error are not properly before us.

Affirmed. Costs to the defendants.

All concurred.