BARKLEY v. CITY OF DETROIT.

1. DEDICATION—BOULEVARDS—INTENT.

The intention of the subdivider of a plat to establish a boulevard, indicated by such designation on the recorded plat, is not defeated by dedicating the "streets and alleys," shown on the plat, to the use of the public.

2. HIGHWAYS AND STREETS—BOULEVARDS—DEFINITION.

A boulevard is, in fact, a street with opportunity afforded for added parklike features.

3. SAME—BOULEVARDS.

A boulevard, designated as such upon a recorded plat, falls within the general description of a street or highway.

4. MUNICIPAL CORPORATIONS—ANNEXATION OF TOWNSHIP TERRITORY—PROPORTIONATE ASSUMPTION OF LIABILITY.

Whenever a portion of a township is annexed to a home-rule city a proportionate share of the indebtedness and liability of the township must be assumed by the city (1 Comp. Laws 1929, § 2250, as amended).

5. SAME—HOME RULE CITY—ANNEXATION—TOWNSHIPS—MAINTENANCE OF BOULEVARDS.

Township which accepted a plat of territory in 1917 with boulevards dedicated therein assumed the liability of maintaining

them, and when the territory in which the plat was located was annexed to a home-rule city that liability passed to the city (1 Comp. Laws 1929, § 2250, as amended).

6. SAME—MAINTENANCE OF BOULEVARDS—CHARTERS.

After annexation to a home-rule city of territory within a township in which boulevards were dedicated on a plat accepted by township in 1917, the city cannot absolve itself from the obligation imposed upon it to maintain such boulevards by a subsequent charter amendment or legislative enactment (1 Comp. Laws 1929, § 2250, as amended; Detroit Ordinance No. 188-D).

7. INJUNCTION—THREATENED INJURY.

A bill for injunctive relief may be brought when an injury is threatened.

8. SAME—BOULEVARDS—MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS.

Owners of lots abutting boulevards within subdivision dedicated in 1917 on recorded plat accepted by township and which boulevards were in need of the same care as other boulevards within city to which the territory had been annexed in 1926 were not required to sit idly by and await the imposition of an illegal special asesssment before seeking injunction to restrain city from refusing to give such care (1 Comp. Laws 1929, §·2250, as amended).

9. SAME—SPECIAL ASSESSMENTS—BOULEVARDS.

Provision in decree in suit to restrain city from refusing to accord boulevards in front of plaintiffs' property the same care given other boulevards in the city that the city was permanently enjoined from levying any special assessments on property abutting the boulevard was harmless where such assessments, if levied, would be illegal.

10. MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—INJUNCTION—CONTROL OF STREETS.

Decree enjoining city from refusing to give same care to boulevards in front of plaintiffs' lots as that accorded other boulevards in the city was not repugnant to provision of the State Constitution according a city the right to the reasonable control of its streets (Const. 1908, art. 8, § 28).

11. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—EQUAL PROTECTION.

Decree enjoining city from refusing to give same care to boulevards in front of plaintiffs' lots as that accorded other boule-

vards in the city was not only not a violation of the Fourteenth Amendment to the Constitution of the United States so far as defendant city is concerned but any discrimination against the property owners would be a deprivation of their constitutional rights.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 2, 1946. (Docket No. 9, Calendar No. 43,124.) Decided May 13, 1946.

Bill by Thomas H. Barkley and others against the City of Detroit to compel maintenance of boulevards, to compel their being renamed as boulevards, and for relief from the provisions of an ordinance. Decree for plaintiffs. Defendant appeals. Affirmed.

*N. F. Crawford, John A. Hamilton* and *D. N. Simonds,* for plaintiffs.

*William E. Dowling,* Corporation Counsel, *Paul T. Dwyer,* Chief Assistant Corporation Counsel, and *Julian P. Rodgers,* Assistant Corporation Counsel, for defendant.

BUSHNELL, J. Plaintiffs are owners of property in the city of Detroit, south of Grand River avenue, located in Rosedale Park subdivision and Rosedale Park subdivision No. 1. These subdivisions were platted in 1917. Certain north and south thoroughfares therein, which are from 80 to 100 feet wide, were designated and dedicated as boulevards. Both subdivisions at the time were located in the township of Redford. The several plats were accepted and approved by the township board.

Although no parkways were shown in the center of these boulevards in the recorded plats, they were included when the thoroughfares were laid out by

the subdividers. The respective boulevards were subsequently improved with cement paving on each side of the parkways, in which were maintained ornamental grass plots and trees. Along each side of the thoroughfares, between the sidewalk and the pavement, hard maple and elm trees were planted. These thoroughfares were maintained as boulevards until 1926, when the portion of the township of Redford, in which these subdivisions were located, was annexed to the city of Detroit. For 10 years thereafter the department of parks and boulevards of defendant city continued to maintain these parkways and boulevards as such. On May 27, 1936, the corporation counsel's office addressed a communication to the commissioner of parks and boulevards stating, in substance, that if the city desired to avoid liability for future paving and improvements it should not assume jurisdiction over the thoroughfares in question as boulevards. It was suggested, however, that the city could, "cut grass, and weeds in the center islands or along the sides of the streets in question as a traffic, or peace, health or safety measure independent of any consideration tending to establish boulevards in fact."

Subsequent to this communication, and another one in 1939 the department of parks and boulevards discontinued its care of the parkways in question. Plaintiffs then filed a bill of complaint seeking a decree permanently enjoining and restraining the city, its agents, et cetera, from refusing and refraining from maintaining, caring for and keeping in repair the boulevards in these subdivisions. They also asked that the city rename these thoroughfares, it having, by ordinance, changed their designation from boulevards to avenues. In an amendment to their bill of complaint, plaintiffs sought relief from the provisions of ordinance No. 188–D,

which would allow the city to levy special assessments for paving costs against property abutting these boulevards. Upon an order of reference, testimony was taken before a circuit court commissioner. The trial judge upheld the findings of the commissioner and determined that the issues presented were controlled by *Barris* v. *City of Detroit,* 260 Mich. 622, and a decision in an unappealed chancery case No. 265106 of the Wayne circuit court, entitled, Harry E. Braman *v.* City of Detroit.

Defendant city appealed from the decree holding the thoroughfares in question to be boulevards of the city of Detroit in fact and in law, and part of the parks and boulevard system of the city since the annexation of 1926. In this decree the city was permanently restrained and enjoined from levying any special paving assessments on property abutting the boulevards therein enumerated, and from discontinuing, neglecting, and refusing to extend to these boulevards, "the same and equal care, upkeep and maintenance as said city is now furnishing, or shall furnish in the future, to the other boulevards of the city of Detroit, which have been specifically recognized by city ordinance."

The *Barris Case,* which the trial judge held to be controlling, was concerned with Strathmoor boulevard in Strathmoor subdivision, formerly in Greenfield township. In a plat filed in 1925 this 75-foot thoroughfare was dedicated as a boulevard. For a time after annexation to the city the boulevard features were maintained, but in 1927 the parkways were removed and the center of the thoroughfare was paved. This court held that:

"It is manifest that the boulevard was established and improved as such in fact and in point of law, and it became a city boulevard when the subdivision was annexed to the city."

The court further stated:

''The intention of the subdivider to establish a boulevard, indicated by such designation on the recorded plat, is not defeated by dedicating the 'streets and alleys,' shown on the plat, to the use of the public. A boulevard is in fact a street with opportunity afforded for added parklike features. A boulevard, designated as such upon the plat, falls within the general description of a street or highway. *Burridge* v. *City of Detroit,* 117 Mich. 557 (42 L. R. A. 684, 72 Am. St. Rep. 582).''

The factual aspects of the instant case are almost identical with those in *Abar* v. *City of Detroit,* 278 Mich. 228. In that case the court distinguished *Theisen* v. *City of Detroit,* 254 Mich. 338, the authority relied upon by defendant city in the instant case.

The home rule act, Act No. 279, Pub. Acts 1909, as amended, provides in section 14 thereof (1 Comp. Laws 1929, § 2250)* :

''Whenever a city, village or township is annexed to a city, the city to which it is annexed shall succeed to the ownership of all the property of the city, village or township annexed and shall assume all of its debts and liabilities.''

The same section provides that where a portion of a township is annexed to a city the indebtedness and liability thereof shall be assumed proportionately. When the township accepted the plats with their dedicated boulevards it assumed the liability of maintaining them, and when the territory in question was annexed, that liability passed to defendant city. Furthermore, the charter of the city of Detroit (title 4, chap. 9, § 5) specifically stated

---

* This section was amended by Act No. 233 Pub. Acts 1931, and, as so amended, appears in Comp. Laws Supp. 1940, § 2250, and Stat. Ann. § 5.2093.—REPORTER.

at the time of annexation that the city shall maintain all boulevards. The defendant city cannot absolve itself from the obligation, imposed upon it at the time of annexation, by a subsequent charter amendment or legislative enactment, such as ordinance No. 188–D.

Although no special assessment has yet been levied, the present condition of these boulevards, together with the passage of ordinance No. 188–D, indicates in the strongest possible terms the imminent probability of new paving, its attendant cost, and assessable burden. These property owners are not required to sit idly by and await the imposition of a special assessment because a bill for injunctive relief may be brought when an injury is threatened. *Bates* v. *City of Hastings,* 145 Mich. 574, and *Wolgamood* v. *Village of Constantine,* 292 Mich. 222. There is no doubt that if a special assessment for paving were imposed upon plaintiffs' property, such special assessment would be illegal and would be set aside. Therefore, no harm resulted from providing in the decree in the instant case that such a special assessment may not be levied.

The city asserts that the decree entered by the trial court is repugnant to article 8, § 28, of the Constitution of Michigan (1908), and Constitution of the United States, Am. 14, § 1, and it contends that, although this question was not specifically answered by the trial court, it was inferentially answered in the negative.

We cannot conclude that the holding by the trial court constitutes an infringement upon the right of the city to a reasonable control of its streets; nor is it a violation of the 14th amendment. On the contrary, any discrimination against these property owners in the light of the facts disclosed in this

record would be a deprivation of their constitutional rights.

The decree of the trial court is affirmed, with costs to appellees.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.