GENERAL DEVELOPMENT CORPORATION *v.* CITY
OF DETROIT.

1. APPEAL AND ERROR—DISMISSAL OF BILL—WELL-PLEADED FACTS
TAKEN AS TRUE.
  On appeal from order dismissing bill to enjoin condemnation
  proceedings, all well-pleaded facts in the bill must be taken as
  true.

2. EMINENT DOMAIN—USE FOR WHICH PROPERTY IS CONDEMNED A
JUDICIAL QUESTION.
  Whether or not the use for which land is sought to be acquired
  by condemnation is a public one is a judicial question.

3. INJUNCTION—UNLAWFUL MUNICIPAL ACTION—TAXPAYERS.
  Unlawful action by a municipality or action about to be taken
  by it, which is lawful on its face but intended solely for an
  unlawful purpose, may be prevented by injunction at the in-
  stance of a taxpayer who would be adversely affected thereby
  and latter need not wait until such action has been taken and
  resultant damage to him accomplished.

4. EMINENT DOMAIN—SLUM CLEARANCE A PUBLIC USE.
  Acquisition of land by city through condemnation proceedings
  for slum clearance purposes is taking for public use and is
  permissible under statute pertaining to slum clearance and
  housing projects (Act No. 18, Pub. Acts 1933 [Ex. Sess.], as
  amended).

REFERENCES FOR POINTS IN HEADNOTES

[2] 18 Am. Jur., Eminent Domain, § 46.
[3, 7] 28 Am. Jur., Injunctions, §§ 162, 166, 170.
[4–7] 18 Am. Jur., Eminent Domain, § 52.
[4–7] Slum clearance:   Constitutionality, construction, and appli-
    cation of statute or governmental projects for improvement of
    housing conditions.   105 A.L.R. 911.
[5] 18 Am. Jur., Eminent Domain, §§ 123, 126, 127; 38 Am. Jur.,
    Municipal Corporations, § 489.
[5] Power of municipal corporation to lease or sublet property
    owned or leased by it.   63 A.L.R. 614; 133 A.L.R. 1241.

5. SAME—SLUM CLEARANCE—OTHER TEMPORARY USE—NECESSITY.

Fact that land already acquired and land now sought to be condemned for slum clearance has not and will not be devoted to that use because of recent war conditions and present acute housing shortage or for other temporary reasons and that land will be used temporarily for other purposes, such as leasing to tenants, pertains to matter of necessity for condemning it and does not permit holding as a matter of law that city's acquisition of the land is not a public purpose (Act No. 18, Pub. Acts 1933 [Ex. Sess.], as amended).

6. MUNICIPAL CORPORATIONS—CONDEMNATION PROCEEDINGS—SLUM CLEARANCE—URBAN REDEVELOPMENT CORPORATIONS.

Cities who acquired the power to condemn land for slum clearance projects under the slum clearance act were not deprived of such power by the subsequently enacted urban redevelopment corporation act, it being permissible for a city to condemn land under either act for the respective purposes therein expressed (Act No. 18, Pub. Acts 1933 [Ex. Sess.], as amended; Act No. 250, Pub. Acts 1941).

7. INJUNCTION—CONDEMNATION PROCEEDINGS—SLUM CLEARANCE—TAXPAYERS.

Where taxpayer's bill to enjoin condemnation proceedings by city failed to show why acquisition of land for slum clearance would be unlawful, that imposition of a tax for payment of expense of acquisition for slum clearance would be unlawful or how plaintiff's rights could be prejudiced by subsequent sale of such land with a resultant abatement of a portion of the cost of the project, bill was properly dismissed (Act No. 18, Pub. Acts 1933 [Ex. Sess.], as amended).

Appeal from Wayne; O'Hara (Chester P.), J. Submitted June 10, 1948. (Docket No. 47, Calendar No. 44,114.) Decided October 4, 1948.

Bill by General Development Corporation, a Michigan corporation, against the City of Detroit to restrain condemnation proceedings. Bill dismissed. Affirmed.

*Leemon & Leemon,* for plaintiff.

*Raymond J. Kelly,* Corporation Counsel, and *Vance G. Ingalls,* Assistant Corporation Counsel, for defendant.

DETHMERS, J.   This is an action to enjoin defendant from proceeding with a condemnation suit. Plaintiff appeals from an order dismissing its bill of complaint for failure to state a cause of action or grounds for equitable relief.

In considering this appeal, all well-pleaded facts in plaintiff's bill must be taken as true.   On that basis the facts, as condensed in plaintiff's brief, must be considered to be as follows:

1. Defendant brought the condemnation proceedings to acquire land for the purpose of clearing the slums therefrom, under authority of Act No. 18, Pub. Acts 1933 (Ex. Sess.), as amended (Comp. Laws Supp. 1940, § 2607–1 *et seq.,* Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 5.3011 *et seq.*).

2. Under authority of that act defendant acquired title to other lands in 1941 and 1943 for the avowed purpose of slum clearance and construction of low-cost public housing; thereafter defendant operated the properties for profit, with but little clearance of substandard dwellings and no construction of new dwellings thereon.

3. Defendant seeks to acquire the land here involved for the same purpose.   Because of an acute housing shortage, clearance of slums therefrom is impossible now or within a reasonable time.

4. It is defendant's intention, as soon as conditions permit, to clear the slums from the land and thereafter sell it at its then market value to private persons.

Plaintiff's bill alleges that Act No. 250, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 10135–201 *et seq.,* Stat. Ann. 1947 Cum. Supp. § 5.3058[1] *et seq.*), provides for acquisition of slum areas and disposal

thereof by cities, upon certain conditions, to private corporations for slum clearance and development and that included in such conditions is the provision that the city must be reimbursed by the corporation for all sums expended in the acquisition of the lands; that the provisions of the act are exclusive and its conditions mandatory; that a city may not acquire land for slum clearance under any other act and sell the same to private interests for less than the full cost to the city of its acquisition; that plaintiff, as a taxpayer, is fearful that the unlawful action contemplated by the defendant in this connection will result in the imposition upon plaintiff of an illegal tax.

Whether the use for which land is sought to be acquired by condemnation is a public one is a judicial question. *Portage Township Board of Health v. Van Hoesen,* 87 Mich. 533 (14 L.R.A. 114); *Detroit International Bridge Co. v. American Seed Co.,* 249 Mich. 289; *Cleveland v. City of Detroit, ante,* 172.

At the instance of a taxpayer who would be adversely affected thereby, unlawful action by a municipality or action about to be taken by it, which is lawful on its face but intended solely for an unlawful purpose, may be prevented by injunction. A petitioner need not wait until such action has been taken and the resultant damage to him accomplished. *Bates v. City of Hastings,* 145 Mich. 574; *Lake Superior District Power Co. v. City of Bessemer,* 288 Mich. 455; *Wolgamood v. Village of Constantine,* 292 Mich. 222; *Barkley v. City of Detroit,* 314 Mich. 404.

That a city's acquisition of land by condemnation for slum clearance is a taking for public use and that it is permissible under Act No. 18, Pub. Acts 1933 (Ex. Sess.), as amended, has been held and the constitutionality in that respect of that statute upheld in the cases of *In re Brewster Street Housing Site,*

291 Mich. 313, and In re Edward J. Jeffries Homes Housing Project, 306 Mich. 638.

That the lands acquired by defendant in 1941 and 1943 for slum clearance purposes have not yet been cleared and that the property here sought to be acquired cannot be so cleared immediately because of recent war conditions and the present acute housing shortage or for other temporary reasons, and that the city will, therefore, use the property temporarily for other purposes, such as leasing to tenants, are matters properly to be addressed to the jury of freeholders as an aid in their determination of the question of the necessity of defendant's acquiring the land in question for the intended public purpose; they are not such facts as give rise to a question for judicial determination or which necessitate, or even permit, a holding that, as a matter of law, defendant's acquisition of the land is not a public necessity or that it is not for a public purpose. This was fully considered and determined in the Jeffries Case, supra. Cited by plaintiff in this connection is the case of Minnesota Canal Power Co. v. Fall Lake Boom Co., 127 Minn. 23 (148 N.W. 561), which is not applicable here for the reason that under Minnesota law the question of necessity is one for the court.

We find in Act No. 250, Pub. Acts 1941, no suggestion of a legislative intent to make its provisions for the acquisition of land by condemnation for slum clearance exclusive or to deprive cities of powers already conferred upon them by Act No. 18, Pub. Acts 1933 (Ex. Sess.), as amended. Condemnation proceedings may be brought under either act for the respective purposes therein expressed. See Union School District of the City of Jackson v. Starr Commonwealth for Boys, ante, 165; Cleveland v. City of Detroit, supra.

Plaintiff's bill alleges that defendant brought the condemnation proceedings to acquire land for the

purpose of slum clearance. Such proceedings for that purpose are proper and lawful under our holdings in the *Brewster* and *Jeffries Cases, supra.* No reason appears from plaintiff's bill why proceedings for such lawful purpose should be enjoined. Plaintiff makes no claim that the imposition of a tax upon it and other taxpayers for payment of the expense of acquiring land, under Act No. 18, Pub. Acts 1933 (Ex. Sess.), as amended, for slum clearance, would be unlawful. How plaintiff's rights as a taxpayer could thereafter be prejudiced or unlawfully affected, upon clearance of the slums, by the subsequent sale of such land with a resultant abatement of a portion of the cost of the project, plaintiff's bill does not indicate. At all events, whether the defendant may lawfully sell or dispose of land acquired by condemnation under Act No. 18, Pub. Acts 1933 (Ex. Sess.), as amended, to private persons after clearance of the slums therefrom need not now be determined, inasmuch as such action on the part of defendant is not here sought to be enjoined.

The order dismissing plaintiff's bill of complaint is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.