CONTINENTAL & VOGUE HEALTH STUDIOS, INC.,
*v.* ABRA CORPORATION.

1. SPECIFIC PERFORMANCE—DISCRETION OF COURT.
   The granting or withholding of the remedy of specific performance is a matter for the exercise of a sound judicial discretion.

2. SAME—RESTORATION OF DESTROYED PREMISES.
   Equity, on a proper showing, will decree specific performance of a covenant to restore premises destroyed.

3. EQUITY—ADEQUACY OF REMEDY AT LAW.
   It is an indispensable requisite to the grant of equitable relief that the plaintiff establish that he does not have an adequate remedy at law.

4. SAME—MOTION TO DISMISS—WELL-PLEADED MATERIAL ALLEGATIONS ACCEPTED AS TRUE.
   Each well-pleaded material allegation in a bill of complaint must be accepted as true in determining whether or not it states a cause of action upon which equitable relief must be granted to a plaintiff who has no adequate remedy at law.

5. SPECIFIC PERFORMANCE—PLEADING—TRANSFER TO LAW SIDE—DISCRETION OF COURT—ADEQUACY OF REMEDY AT LAW.
   Bill by lessee for specific performance of covenant of restoration of premises of which over 1/2 the value had been destroyed by fire after lapse of nearly 3 years of 10-year term *held*, not to have stated a cause for equitable relief in that irreparable damage and injury to plaintiff had not been specifically alleged, where plaintiff was not in physical possession of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur, Specific Performance §§ 8, 9.
[2] 49 Am Jur, Specific Performance §§ 123, 124.
[3] 19 Am Jur, Equity § 100 *et seq.*
[4] 19 Am Jur, Equity § 232 *et seq.*
[5] 49 Am Jur, Specific Performance § 124.
  19 Am Jur, Equity § 196.

premises involved but had sublet them at a profit, hence, transfer to law side of court was not an abuse of discretion as plaintiff's remedy for damages is equally adequate at law (CL 1948, § 611.2).

Appeal from Wayne; Wise (John M.), J. Submitted January 11, 1963. (Calendar No. 39, Docket No. 50,011.) Decided April 5, 1963.

Bill by Continental and Vogue Health Studios, Inc., a Michigan corporation, against Abra Corporation, a Michigan corporation, for specific performance of provision in lease to rebuild premises following damage by fire. Bill dismissed and cause transferred, with accompanying bond, to law side of the court. Plaintiff appeals. Affirmed.

*David M. Miro,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (*Norman Hyman* and *John Sklar,* of counsel), for defendant.

O'HARA, J. Here presented is a question which would be obviated under the revised judicature act and the new general court rules.

The problem presented is to distinguish at the outset between the proper application of certain principles inherent in the doctrine of specific performance and a procedural question involving the exercise of the trial court's discretion in transferring a cause from the chancery to the law side of the court.*

The issue properly framed for disposition by this Court is really:

Did the trial court abuse its discretion in denying plaintiff's claim for equitable relief and transferring the cause to the law side of the court?

---

* See CL 1948, § 611.2 (Stat Ann § 27.652).—REPORTER.

Well settled law controls this issue. In an unbroken line of decisions since *McMurtrie* v. *Bennette,* Harr Ch (Mich) 124, it has been held that courts of equity exercise a sound discretion in granting or withholding remedy of specific performance, although we note, as plaintiff urges, that the discretion is judicial and not arbitrary (see 16 Callaghan, Michigan Digest, Specific Performance, § 3, p 311 for cases).

The background necessary to an understanding of the legal questions is as follows:

On March 11, 1959, plaintiff and defendant entered into a lease covering certain commercial properties in Grosse Pointe Woods. For plaintiff it was a business undertaking for profit in the subleasing of the concerned premises. Plaintiff's lease was for 10 years, and it subleased to 2 tenants, one for a period less than the parent lease, the other apparently for the whole period, at rentals substantially higher than it paid to defendant. The lease contained a proviso that became applicable in case of fire. It is herewith set out:

"It is understood and agreed that if the premises hereby leased be damaged or destroyed in whole or in part by fire or other casualty during the term hereof, the landlord will repair and restore the same to good tenantable condition with reasonable dispatch, and that the rent herein provided for shall abate entirely in case the entire premises are untenantable and pro rata for the portion rendered untenantable, in case a part only is untenantable, until the same shall be restored to a tenantable condition; provided, however, that if the tenant shall fail to adjust his own insurance or to remove his damaged goods, wares, equipment or property within a reasonable time, and as a result thereof the repairing and restoration is delayed, there shall be no abatement of rental during the period of such resulting delay, and provided further, that there

shall be no abatement of rental if such fire or other cause damaging or destroying the leased premises shall result from the negligence or wilful act of the tenant, his agents or employees, and provided further that if the tenant shall use any part of the leased premises for storage during the period of repair a reasonable charge shall be made therefor against the tenant, and provided further that in case the leased premises, or the building of which they are a part, shall be destroyed to the extent of more than 1/2 of the value thereof, the landlord or tenant may at his option terminate this lease forthwith by a written notice to the tenant."

On February 12, 1962, a fire occurred that rendered the premises untenantable. From this point on there is very little factually on which plaintiff and defendant agree.

The plaintiff claims that shortly after the fire, defendant represented to plaintiff that the premises would be restored in the manner provided for in the lease. No specific date is assigned on which the representation was made, nor is any express language of such representation set forth in the bill. Plaintiff further contends that this representation constituted an election under the lease, and that by reason thereof, defendant abandoned its optional privilege to cancel and terminate the lease and was estopped thereafter to exercise it.

Defendant denies it ever promised to restore the premises; claims that it made no election, and that it was completely within its right under the instrument to give notice of termination. The fact that the premises were destroyed to an extent of more than 1/2 the value thereof is not questioned.

So plaintiff wants its leased premises rebuilt and defendant does not propose to restore or rebuild them—at least not for plaintiff, nor at this time.

Plaintiff filed its bill asking, among other things, sequestration of the fire insurance payments, injunctive relief against demolishing what was left of the building, and the restraining of defendant from entering into any other lease agreement for the concerned premises for the balance of the term of the parent lease.

Defendant answered and included a motion to dismiss the 2 serious grounds, which were that the bill stated no cause of action upon which equitable relief could be granted, and that plaintiff had an adequate and complete remedy at law.   To that answer a reply was filed, and there followed defendant's "Reply to Plaintiff's Answer to Defendant's Affirmative Defenses and Motion to Dismiss."

On these pleadings, issue was finally joined. Plaintiff notes, as we note, that the motion to dismiss does not relate to any of the specific matters set forth in former Court Rule No 18 (1945) as grounds for dismissal of the bill, but we do not deem it necessary to discuss the point.

The chancellor, in his order of transfer, adequately protected plaintiff's right to declare on the law side and took the additional precaution of requiring a $100,000 bond to insure that any recovery plaintiff might make in his law action would be collectible. Lest the distinction made at the outset be overlooked we recognize, as did the trial court, the exhaustive briefing of plaintiff on the point that it is not ground for the dismissal of the bill for specific performance to build or restore premises solely because so to do places too great a supervisory burden upon the court. We agree that on a proper showing, equity will decree specific performance of a covenant to restore premises destroyed, or indeed to compel construction *ab initio.*

It was not on this point that the trial court made its order of transfer. As he carefully pointed out in his opinion:

"In this case here it seems to me that the plaintiff has a good and complete, adequate remedy at law, and it is an indispensable requisite to the indication of equitable relief that the complainant establish that he doesn't have an adequate remedy at law.

"In addition to that, for the court of equity to be put in a position of restoration to the point of rebuilding a building from the ground, would be one that would have to have unusual facts and not as the facts are set forth here."

The question then and the sole question is: Does plaintiff's bill, taken for the purpose of this determination as true, state a cause of action upon which equitable relief must be granted, plaintiff having no adequate remedy at law?

To resolve this question, we must examine plaintiff's bill of complaint and accept as true each well-pleaded material allegation thereof. *General Development Corp.* v. *City of Detroit,* 322 Mich 495. We have so examined it for specific allegations of the irreparable damage and injury which plaintiff in conclusionary terms says will take place unless equity assumes and retains jurisdiction and compels restoration of the premises. We do not find them.

Were the situation here presented one in which plaintiff corporation were in physical possession of the leased building, or 1 of them; or were there some particular benefit from the location, by reason of a developed clientele conditioned to doing business with the plaintiff at that location, which plaintiff would have lost by defendant's failure to rebuild or restore, another result might have been reached.

We cannot escape the conclusion from all that plaintiff alleges in its bill that its recovery is lim-

ited under any view to money damage ascertainable in the suit at law. It follows therefore that plaintiff's remedy is equally adequate at law.

Under these circumstances, we cannot say that the trial court abused its discretion.

The most persuasive appeal to equity by plaintiff-appellant is its assertion that defendant-appellee is negotiating with present subtenants for rental of premises immediately adjacent to those here involved. Plaintiff-appellant suggests that it is not particularly equitable to allow defendant-appellee now to enter into a rental agreement with tenants, who absent the fire, would have been profitable subtenants of plaintiffs for the whole period of its lease. To attempt to extend equitable protection to such a contingency would require us to rewrite the whole agreement between the parties.

We are constrained to hold that plaintiff's damage is the provable money damage heretofore mentioned, and to determine it does not require the aid of a court of equity.

The order of the trial court transferring the cause to the law side of the court is affirmed. Costs to the appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.